FILED

MAR 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**RODERICK GARDNER** §
15613 Everglade Lane §
Bowie, Maryland 20716 §
§
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS §
SIMILARLY SITUATED, §
§
*Plaintiff*, §
§
v. §   CASE NUMBER 1:06CV00507
§
**WITHOUT EQUAL BUILDING SERVICES** §   JUDGE: James Robertson
8840 Brookville Road §
Silver Spring, Maryland 20910 §   DECK TYPE: Labor/ERISA (non-employme
§
§   DATE STAMP: 03/17/2006
**Serve on**: §
Frederick L. Wenzel, Sr. §
8840 Brookville Road §
Silver Spring, Maryland 20910 §
§
and §
§
**FREDERICK L. WENZEL, SR.,** §
8840 Brookville Road §
Silver Spring, Maryland 20910 §   **JURY TRIAL DEMANDED**
§
*Defendants*. §

JURY ACTION

**ORIGINAL COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT**

SUMMARY OF ALLEGATIONS

1.   This is a Fair Labor Standard Act ("FLSA") case. Defendants Without Equal Building Services and Frederick L. Wenzel, Sr. (collectively, "Defendants") did not compensate Plaintiff Roderick Gardner ("Plaintiff") and the other non-exempt hourly employees for all hours worked and did not pay them at one-and-one-half times their hourly rates of pay for all hours worked in excess of forty hours per week. As a result, Defendants knowingly, willfully, and

1

intentionally violated and continue to violate the FLSA and the District of Columbia Wage and Hour Law. *See* 29 U.S.C. §§ 201 *et seq.*; D.C. CODE § 32-1003. Plaintiff therefore bring this collective and class action on behalf of himself and other similarly situated former and current employees of Defendants to recover unpaid wages and overtime pay, liquated damages, and attorneys' fees.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has jurisdiction over District of Columbia Wage and Hour Law claims pursuant to 28 U.S.C. § 1367.

3. Defendants operate a carpet cleaning business in this District. As Defendants regularly transact business in this District, they are subject to personal jurisdiction in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) because Defendant Without Equal Business Services is subject to personal jurisdiction in this District. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. Defendants are engaged in interstate commerce in this District as it runs and operates a carpet cleaning business in this District that does business throughout the District, Southern Maryland, and Northern Virginia.

### THE PARTIES

6. Defendant Without Equal Building Services operates a carpet cleaning business that services clients in Washington D.C., Maryland, and Virginia. It provides these services to a wide array of both commercial and residential customers. Defendant Without Equal Building

2

Services can be served on owner and operator Frederick L. Wenzel, Sr., 8840 Brookville Road Silver Spring, Maryland 20910.

7. Defendant Frederick L. Wenzel, Sr. is the owner and operator of Without Equal Building Services. Wenzel has control over the day-to-day operations of Without Equal Building Services and acted in the interest of Without Equal Building Services in relation to Plaintiff and the class members. Without Equal Building Services and Wenzel are joint employers of Plaintiff and the members of the class. Wenzel can be served at 8840 Brookville Road Silver Spring, Maryland 20910 or anywhere else he may be found.

8. Plaintiff Roderick Gardner is a resident of Maryland. Gardner is employed by Defendants as a "Carpet Cleaning Technician." Gardner's job duties as a Carpet Cleaning Technician are cleaning carpet in both residential and commercial settings, cleaning upholstery and furniture in both residential and commercial settings, and providing construction clean up services. Gardner is an hourly-paid employee of Defendants. Gardner's consent to bring this action is attached as Exhibit A.

9. The putative class members, as set forth further below, are all current or former employees of Defendants who are or were employed as hourly-paid Carpet Cleaning Technicians or in other job titles performing similar job duties. These job duties include cleaning carpet in both residential and commercial settings, cleaning upholstery and furniture in both residential and commercial settings, and providing construction clean up services.

## COVERAGE

10. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants collectively have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.     At all times hereinafter mentioned, Defendants collectively have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.     At all times hereinafter mentioned, Plaintiff and the members of the class were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

14.     Plaintiff and the members of the class are or were employed within the District of Columbia in that they regularly spend or spent more than 50% of their working time in the District of Columbia metropolitan region; or their employment is based in the District of Columbia metropolitan region and the they regularly spend or spent a substantial amount of their working time in the District of Columbia metropolitan region and not more than 50% of their working time in any particular state.

### THE CLASS

15.     This action is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of Plaintiff and all other persons who are or have been employed by Defendants as Carpet Cleaning Technicians, or individuals having similar job responsibilities but varying titles (hereinafter the "Collective Action Class"), between March 14, 2003 and the date of the final disposition of this action (hereinafter the "Collective Action Class Period").

16. In addition, Plaintiff seeks protection under the District of Columbia Wage and Hour Law. Accordingly, he seeks to pursue class claims pursuant to Federal Rule of Civil Procedure 23 and District of Columbia Code section 32-1012(b). Plaintiff seeks to represent himself and all persons similarly situated who are or were employed on an hourly basis in the District of Columbia metropolitan region as Carpet Cleaning Technicians, or individuals having similar job responsibilities but varying titles (hereinafter the "Class Action Class"), since March 14, 2003 (hereinafter the "Class Action Class Period").

### ALLEGATIONS OF THE PLAINTIFF AND THE CLASS

17. Plaintiff Gardner and the class members incorporate by reference all allegations raised in the prior paragraphs.

18. Defendants operate a carpet cleaning business that services both residential and commercial customers. Defendants employ individuals in this business as Carpet Cleaning Technicians. Defendants and their employees conduct business throughout the District of Columbia metropolitan region, that is, Washington, D.C., Southern Maryland, and Northern Virginia.

19. The job duties of Carpet Cleaning Technician are to clean carpet in both residential and commercial settings, to clean upholstery and furniture in both residential and commercial settings, and to provide construction clean up services.

20. The employees in the Carpet Cleaning Technician position are full time, non-exempt employees of Defendants and are paid at an hourly rate. Plaintiff Gardner was a Carpet Cleaning Technicians, was a full time, non-exempt employee of Defendants, and was paid an hourly rate.

21. Plaintiff Gardner and the other members of the collective and class action classes regularly worked more than 40 hours per week.

22. Defendants require individuals employed as Carpet Cleaning Technicians to perform work for which they are not compensated. In particular, Defendants dock Plaintiff and all other Carpet Cleaning Technicians for lunches that are not taken by the employees. Even when Plaintiff and the class members take an hour lunch, the Defendants will often dock them two or more hours for said lunch even though the employees' lunch breaks last substantially less time. In either case, Defendants are not paying Plaintiff and the other class members for all of the time in which they worked for Defendants.

23. Furthermore, when Defendants do compensate Plaintiff and the class member for their time, Defendants always pay Plaintiff and the class members at their regular hourly rates. This was true even when Plaintiff and the class members worked more than 40 hours in a given week. Thus, Defendants failed to pay Plaintiff and the class at one-and-one-half times their regular hourly rates for all hours worked in excess of 40 hours per week as required by law.

24. These employment practices and compensation policies constitute willful, knowing, and intentional violations of the FLSA and the District of Columbia Wage and Hour Law.

### COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff Gardner and the class members incorporate by reference all allegations raised in the prior paragraphs.

26. The collective action that Plaintiff proposes encompasses all individuals who work or worked as hourly-paid Carpet Cleaning Technicians, or in hourly-paid jobs having similar job responsibilities regardless of title, that worked for Defendants between March 14, 2003, and the final disposition of this action.

27. The persons who elect to join the proposed Collection Action Class will be represented by Plaintiff Gardner.

28. During the Collective Action Class Period, the duties and responsibilities of the jobs held by members of the proposed collective action were the same as or substantially similar to the duties and responsibilities of the jobs held by Plaintiff.

29. Plaintiff Gardner and the members of the proposed Collective Action Class are or were subject to the same unlawful compensation policies and practices set forth in paragraphs twenty-one, twenty-two, and twenty-three.

30. Accordingly, Plaintiff and all the members of the proposed Collective Action Class are "similarly situated" within the meaning prescribed by 29 U.S.C. § 216(b).

31. The names and addresses of the potential members of the Collective Action Class are available from Defendants, and notice should be provided to the Collective Action Class via first class mail to the last address known to Defendants as soon as possible.

### CLASS ACTION ALLEGATIONS

32. Plaintiff Gardner and the class members incorporate by reference all allegations raised in the prior paragraphs.

33. In addition to qualifying as a collective action maintained pursuant to the FLSA, this action is brought as a class action under Rule 23 under the wage and hours laws of the District of Columbia. *See also* D.C. CODE § 32-1012(b).

34. Plaintiff Gardner proposes to maintain a class that encompasses all individuals who work or worked as hourly-paid Carpet Cleaning Technicians, or in hourly-paid jobs having similar job duties and responsibilities regardless of the job title that were employed by Defendants at any time between March 14, 2003 and the final disposition of this action. Upon information and belief, the Class Action Class is so numerous that joinder of all members of the class is impractical.

35. Questions of law and fact common to the Class Action Class as a whole include, but are not limited, to the following:

    a. Whether Defendants' policy of failing to pay employees for all hours worked violates the District of Columbia Wage and Hour Law;

    b. Whether Defendants' policy of paying employees their regular hourly rates for all hours worked, even those in excess to forty hours in a week, violates the District of Columbia Wage and Hour Law; and

    c. Whether Defendants credited Gardner, and the Class Action Class with the wages which they are entitled to be paid as required by the District of Columbia Wage and Hour Law.

36. During the Class Action Period, the duties and responsibilities of the jobs held by the members of the proposed class were the same or substantially similar to the duties and responsibilities of the jobs held by Plaintiff Gardner.

37. Furthermore, Plaintiff Gardner and the members of the Class Action Class are and were subject to Defendants' policies and/or practices of failing to pay employees for all hours worked and failing to pay employees overtime. Plaintiff Gardner's claims are therefore typical of those of the Class Action Class and Plaintiff Gardner can and will fairly and adequately represent and protect the interests of the Class Action Class.

38. Plaintiff Gardner has obtained counsel competent and experienced in class actions and, in particular, wage and hour cases.

39. Class certification as to the claims of the Class Action Class is appropriate pursuant to Federal Rule of Civil Procedure 23 because adjudications with respect to the individual members of the Class Action Class would, as a practical matter, be dispositive of the

interests of the other members and/or pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class Action Class, making appropriate relief with respect to Plaintiff Gardner and the Class Action Class as a whole and/or pursuant to Federal Rule of Civil Procedure 23(b)(3) because the common issues of fact and/or law would predominate over any individual issues. Plaintiff Gardner intends to send notice to all members of the Class Action Class to the extent required by Rule 23 and District of Columbia Code section 32-1012(b). Plaintiff Gardner may bear the initial cost of such notice but will seek reimbursement of this cost from Defendants. Plaintiff Gardner will receive any response to such notice.

### CAUSES OF ACTION

40.     Plaintiff Gardner and the class members incorporate by reference all allegations raised in the prior paragraphs.

41.     Defendants' failure to pay Plaintiff and the Collective Action Class members overtime wages at one-and-one-half times their regular rate of pay is in violation of the FLSA. 29 U.S.C. § 207. Accordingly, Plaintiff and the Collective Action Class members are entitled to their unpaid overtime in an amount equal to one-half times their regular rates of pay for each hour over forty hours per week.

42.     Defendants' failure to pay Plaintiff and the Collective Action Class members for all the time they worked is in violation of the FLSA. 29 U.S.C. § 206(a)(1). Accordingly, Plaintiff and the Collective Action Class members are entitled to their unpaid time in an amount equal to their regular rates of pay for all hours worked that do not exceed forty hours per week and an amount equal to one-and-one-half times their regular rates of pay for all time worked over forty hours in a work week.

43.     Additionally, Plaintiff and the Collective Action Class members are entitled to an equal amount to all their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by the FLSA. 29 U.S.C. § 216(b).

44.     Defendants' failure to pay Plaintiff Gardner and the class members overtime wages at one-and-one-half times their regular rates of pay was in violation of the laws of the District of Columbia. D.C. CODE § 32-1003(c). Accordingly, Plaintiff Gardner and the class members are entitled to their unpaid overtime in an amount equal to one-half times their regular rates of pay for each hour over forty hours per week. *Id.* § 32-1012(a).

45.     Defendants' failure to pay Plaintiff Gardner and the class members for all the time worked was in violation of the laws of the District of Columbia. *Id.* § 32-1003(d). Accordingly, Plaintiff Gardner and the class members are entitled to their unpaid time in an amount equal to their regular rates of pay for all hours worked that do not exceed forty hours per week and an amount equal to one-and-one-half times their regular rates of pay for all time worked over forty hours in a work week. *Id.* § 32-1012(a).

46.     Additionally, Plaintiff Gardner and the class members are entitled to an equal amount to all their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by the laws of the District of Columbia. *Id.* § 32-1012(a), (c).

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.      determine the damages sustained by Plaintiff and the members of the Collective Action Class during the Collective Action Class Period as a result of Defendants' willful and intentional violations of 29 U.S.C §§ 206 and 207, and award such back pay against Defendants in favor of Plaintiff and all the members of the Collective Action Class, plus an additional equal

amount as liquated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law;

    b.    determine the earnings lost by Plaintiff and the members of the Class Action Class during the Class Action Class Period as a result of Defendants' willful and intentional violations of District of Columbia Wage and Hour Law, and award all appropriate damages and all statutory damages and penalties resultant therefrom to Plaintiff and the members of the Class Action Class, including an additional equal amount as liquated damages pursuant to District of Columbia Code section 32-1012(a);

    c.    award Plaintiff and the members of the both the Collective Action Class and the Class Action Class their attorneys' fees and costs and disbursements of this suit, including, without limitation, reasonable accountants', investigators', and experts' fees; and

    d.    grant Plaintiff and the members of both the Collective Action Class and the Class Action Class such other and further relief, including, without limitations, injunctive relief were appropriate, as the Court may deem just and proper or that is allowed under any federal law or law of the District of Columbia violated by Defendants' conduct described herein.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,

/s/ Steven Luxton
Steven Luxton
D.C. Federal Bar No. 470468
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

ATTORNEYS FOR PLAINTIFF, THE MEMBERS OF THE COLLECTIVE ACTION CLASS AND THE MEMBERS OF THE CLASS ACTION CLASS

OF COUNSEL:

Brady Edwards
Sandra Thourot Krider
Patrick K.A. Elkins
EDWARDS BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, Texas 77002
713.339.3233
713.339.2233 (facsimile)

Richard J. Burch
BRUCKNER BURCH PLLC
5847 San Felipe, Suite 3900
Houston, Texas 77057
713.877.8788
713.877.8065 (facsimile)