UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RODERICK GARDNER** | § | |
| | § | |
| INDIVIDUALLY AND ON BEHALF OF ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | Civil Action No. 06-CV-0507-JR |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **WITHOUT EQUAL BUILDING SERVICES** | § | |
| **& FREDERICK L. WENZL, SR.,** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFFS' MOTION FOR CLERKS' ENTRY OF DEFAULT AGAINST DEFENDANTS

Plaintiff Roderick Gardner ("Plaintiff") files this Motion for Clerk's Entry of Default against Defendants Without Equal Building Services and Frederick L. Wenzl, Sr. ("Defendants"), and would show the court as follows:

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

Defendants are the parties against whom Plaintiffs seek affirmative relief. *See* Declaration of Patrick K.A. Elkins ¶¶ 3–4, attached hereto as Exhibit A ("Elkins Declaration"). Plaintiffs' Original Complaint was filed on March 17, 2006, and a true and correct copy of the same is attached as Exhibit 1 to the Elkins Declaration.

Plaintiffs filed their complaint with this Court and served Defendants with process on April 10, 2006. Elkins Declaration ¶ 5. A true and correct copy of Plaintiffs'

Return of Service was filed on April 13, 2006. An additional copy of the summons and return of service for Frederick L. Wenzl, Sr. is attached as Exhibit 2 to the Elkins Declaration. In addition to being a defendant in this suit, Mr. Wenzl is the registered agent and president of Without Equal Building Services. *Id.* ¶ 5.

On or about April 27, 2006, Mr. Wenzl contacted Plaintiff's counsel and asked for an extension in order to locate counsel to defend his suit. Elkins Declaration ¶ 6. Plaintiff agreed to give Defendants until May 27, 2006 to file an answer. *Id.* ¶ 6. A true and correct copy of this agreement is attached as Exhibit 3 to the Elkins Declaration. Furthermore, on May 22, 2006 Defendants sent Plaintiff's counsel a letter in which they admitted that Defendants' compensation policies violate the overtime provisions of the Fair Labor Standards Act. *Id.* ¶ 7. A true and correct copy of this letter is attached as Exhibit 4 to the Elkins Declaration.

In general, a defendant is required to answer "within 20 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A). Here, Defendants' answer was due April 30, 2006, but an extension was granted to May 22, 2006. Defendants did not answer by this date and still have not answered. Defendants are not infants, incompetent persons, or members of the United States Military. *See* Elkins Declaration at ¶¶ 8–9; 50 U.S.C. § 520(1); FED. R. CIV. P. 55(b)(1), (e).

To date, Defendants have filed no response to Plaintiff's complaint, including any motion under Federal Rules of Civil Procedure 12 or 56. In summary, Defendants have failed to respond to Plaintiff's complaint, and Plaintiff is entitled to entry of default pursuant to Federal Rule of Civil Procedure 55(a).

Plaintiff requests that the Clerk enter default against Defendants Without Equal Building Services and Frederick L. Wenzl, Sr.  Plaintiff requests all further relief to which he may be entitled.

Respectfully submitted,

*Steven Luxton for Patrick Elkins*

Steven Luxton
D.C. Federal Bar No. 470468
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

Brady Edwards
Sandra Thourot Krider
Patrick K.A. Elkins
EDWARDS BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, Texas 77002
713.339.3233
713.339.2233 (facsimile)

Richard J. Burch
BRUCKNER BURCH PLLC
5847 San Felipe, Suite 3900
Houston, Texas 77057
713.877.8788
713.877.8065 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 12, 2006 a true and correct copy of the foregoing *Motion for Entry of Default* was served by certified mail, return receipt requested on the following:

Frederick L. Wenzl, Sr.
Without Equal Building Services
8840 Brookville Road
Silver Spring, Maryland 20910

DEFENDANTS

*Patrick Elkins*
Patrick K.A. Elkins

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RODERICK GARDNER** | § | |
| | § | |
| INDIVIDUALLY AND ON BEHALF OF ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | Civil Action No. 06-CV-0507-JR |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **WITHOUT EQUAL BUILDING SERVICES** | § | |
| **& FREDERICK L. WENZL, SR.,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ON CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANTS

A Clerk's Entry of Default is hereby entered against Defendants Without Equal Building Services and Frederick L. Wenzl ("Defendants"), pursuant to Federal Rule of Civil Procedure 55(a).

Defendants are parties against whom Plaintiffs Roderick Gardner seeks affirmative relief. Defendants were served with process on April 10, 2006. The date that Defendants' answer was due was originally April 30, 2006, but Plaintiff agreed to extend this due date to May 26, 2006. The latter date has passed, and Defendants have not answered. To this date, Defendants have made no response to this lawsuit. These facts are set forth in the Declaration of Patrick K.A. Elkins, attorney for the Plaintiffs. Therefore, the requirements of Rule 55(a) are satisfied.

Signed this _____ day of _____, 2006.

_____
CLERK OF THE COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**RODERICK GARDNER**                                    §
                                                       §
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS               §
SIMILARLY SITUATED,                                    §        Civil Action No. 06-CV-0507-JR
                                                       §
            *Plaintiff,*                                §
                                                       §
                                                       §
v.                                                     §
                                                       §        **JURY TRIAL DEMANDED**
**WITHOUT EQUAL BUILDING SERVICES**                    §
**& FREDERICK L. WENZL, SR.,**                         §
                                                       §
            *Defendants.*                              §

## DECLARATION OF PATRICK K.A. ELKINS

1.     "My name is Patrick K.A. Elkins. I am over the age of twenty-one and am otherwise competent to make this declaration. The facts in this declaration are within my personal knowledge and are true and correct.

2.     "I am an attorney representing Plaintiff Roderick Gardner ("Plaintiff") in this lawsuit.

3.     "Plaintiff filed this lawsuit against Defendants Without Equal Building Services and Frederick L. Wenzl (collectively, "Defendants") on March 17, 2006. A true and correct copy of the Original Complaint is attached as Exhibit 1.

4.     "In this lawsuit, Defendants are parties against whom Plaintiff seeks affirmative relief as his employers who knowingly and willfully violated the Fair Labor Standards Act.

5.     "On April 10, 2006, Defendants were served with the summons for this lawsuit. In addition to being an individual defendant in this case, Defendant Wenzl is also the registered agent and president of Defendant Without Equal Building Services. A



true and correct copy of the summons and return of service for is attached as Exhibit 2. The return of service has been on file with the Court since April 13, 2006.

6.      "On or about April 27, 2006, I personally spoke with Defendant Frederick L. Wenzl.  He indicated to me that he had been serviced with the complaint in this case and knew that his time answer was approaching.  He also informed me that he had not been able to engage counsel to respond to the lawsuit.  I agreed to give Defendant until May 26, 2006 to answer Plaintff's complaint.  A true and correct copy of the letter memorializing this agreement is attached as Exhibit 3.

7.      In the letter reference above, Defendant Wenzl also stated that he would send us a letter addressing the lawsuit by May 22, 2006.  Defendant Wenzl did in fact send such a letter.  In this letter, Defendant Wenzl admits that he pays his employees the same hourly rate for all the hours they worked.  This is a flagrant violation of the Fair Labor Standards Act.  A true and correct copy of this letter is attached as Exhibit 4.

8.      "Neither Defendant Without Equal Building Services nor Defendant Frederick L. Wenzl is an infant or incompetent.

9.      "Defendant Without Equal Building Services is a professional association and thus not currently serving in the military.  Defendant Frederick L. Wenzl, Sr. is an individual born in November of 1938 and is not currently serving in the United States military.  A true and correct copy of the Department of Defense's Military Status Report for Frederick L. Wenzl, Sr. is attached as Exhibit 5.

10.      "Defendants were required to answer the lawsuit within 20 days after being served with the summons and complaint on April 10, 2006.  However, Plaintiff granted Defendants an extension to file their answer until May 26, 2006.  Currently,

Defendants' answer is more then month and half overdue. Defendants have filed no pleadings or other motions in this case, including any motions under Federal Rules of Civil Procedure 12 or 56. Thus, Defendants have not offered any defenses in this lawsuit.

11.    "I swear under penalty of perjury that the foregoing is true and correct."


**EXECUTED on this $\underline{12}$ TH DAY OF JULY, 2006.**

_Patrick Elkins_
_____
PATRICK K.A. ELKINS

**FILED**

MAR 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**RODERICK GARDNER**
15613 Everglade Lane
Bowie, Maryland 20716

INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

§
§
§
§
§
§
§

*Plaintiff,*

v.

**WITHOUT EQUAL BUILDING SERVICES**
8840 Brookville Road
Silver Spring, Maryland 20910

**Serve on:**
Frederick L. Wenzel, Sr.
8840 Brookville Road
Silver Spring, Maryland 20910

and

**FREDERICK L. WENZEL, SR.,**
8840 Brookville Road
Silver Spring, Maryland 20910

*Defendants.*

§
§
§
§
§
§
§
§
§
§
§

CASE NUMBER  1:06CV00507

JUDGE: James Robertson

DECK TYPE: Labor/ERISA (non-employme

DATE STAMP: 03/17/2006

**JURY ACTION**

**JURY TRIAL DEMANDED**

**ORIGINAL COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT**

SUMMARY OF ALLEGATIONS

1.      This is a Fair Labor Standard Act ("FLSA") case.  Defendants Without Equal

Building Services and Frederick L. Wenzel, Sr. (collectively, "Defendants") did not compensate

Plaintiff Roderick Gardner ("Plaintiff") and the other non-exempt hourly employees for all hours

worked and did not pay them at one-and-one-half times their hourly rates of pay for all hours

worked in excess of forty hours per week.  As a result, Defendants knowingly, willfully, and

**EXHIBIT
1**

intentionally violated and continue to violate the FLSA and the District of Columbia Wage and Hour Law. *See* 29 U.S.C. §§ 201 *et seq.*; D.C. CODE § 32-1003. Plaintiff therefore bring this collective and class action on behalf of himself and other similarly situated former and current employees of Defendants to recover unpaid wages and overtime pay, liquated damages, and attorneys' fees.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has jurisdiction over District of Columbia Wage and Hour Law claims pursuant to 28 U.S.C. § 1367.

3.      Defendants operate a carpet cleaning business in this District. As Defendants regularly transact business in this District, they are subject to personal jurisdiction in this District.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) because Defendant Without Equal Business Services is subject to personal jurisdiction in this District. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5.      Defendants are engaged in interstate commerce in this District as it runs and operates a carpet cleaning business in this District that does business throughout the District, Southern Maryland, and Northern Virginia.

**THE PARTIES**

6.      Defendant Without Equal Building Services operates a carpet cleaning business that services clients in Washington D.C., Maryland, and Virginia. It provides these services to a wide array of both commercial and residential customers. Defendant Without Equal Building

2

Services can be served on owner and operator Frederick L. Wenzel, Sr., 8840 Brookville Road Silver Spring, Maryland 20910.

7.    Defendant Frederick L. Wenzel, Sr. is the owner and operator of Without Equal Building Services.  Wenzel has control over the day-to-day operations of Without Equal Building Services and acted in the interest of Without Equal Building Services in relation to Plaintiff and the class members.  Without Equal Building Services and Wenzel are joint employers of Plaintiff and the members of the class.  Wenzel can be served at 8840 Brookville Road Silver Spring, Maryland 20910 or anywhere else he may be found.

8.    Plaintiff Roderick Gardner is a resident of Maryland.  Gardner is employed by Defendants as a "Carpet Cleaning Technician."  Gardner's job duties as a Carpet Cleaning Technician are cleaning carpet in both residential and commercial settings, cleaning upholstery and furniture in both residential and commercial settings, and providing construction clean up services.  Gardner is an hourly-paid employee of Defendants.  Gardner's consent to bring this action is attached as Exhibit A.

9.    The putative class members, as set forth further below, are all current or former employees of Defendants who are or were employed as hourly-paid Carpet Cleaning Technicians or in other job titles performing similar job duties.  These job duties include cleaning carpet in both residential and commercial settings, cleaning upholstery and furniture in both residential and commercial settings, and providing construction clean up services.

### COVERAGE

10.    At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.    At all times hereinafter mentioned, Defendants collectively have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

3

12.    At all times hereinafter mentioned, Defendants collectively have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.    At all times hereinafter mentioned, Plaintiff and the members of the class were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

14.    Plaintiff and the members of the class are or were employed within the District of Columbia in that they regularly spend or spent more than 50% of their working time in the District of Columbia metropolitan region; or their employment is based in the District of Columbia metropolitan region and the they regularly spend or spent a substantial amount of their working time in the District of Columbia metropolitan region and not more than 50% of their working time in any particular state.

### THE CLASS

15.    This action is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of Plaintiff and all other persons who are or have been employed by Defendants as Carpet Cleaning Technicians, or individuals having similar job responsibilities but varying titles (hereinafter the "Collective Action Class"), between March 14, 2003 and the date of the final disposition of this action (hereinafter the "Collective Action Class Period").

4

16.    In addition, Plaintiff seeks protection under the District of Columbia Wage and Hour Law.  Accordingly, he seeks to pursue class claims pursuant to Federal Rule of Civil Procedure 23 and District of Columbia Code section 32-1012(b).  Plaintiff seeks to represent himself and all persons similarly situated who are or were employed on an hourly basis in the District of Columbia metropolitan region as Carpet Cleaning Technicians, or individuals having similar job responsibilities but varying titles (hereinafter the "Class Action Class"), since March 14, 2003 (hereinafter the "Class Action Class Period").

### ALLEGATIONS OF THE PLAINTIFF AND THE CLASS

17.    Plaintiff Gardner and the class members incorporate by reference all allegations raised in the prior paragraphs.

18.    Defendants operate a carpet cleaning business that services both residential and commercial customers.  Defendants employ individuals in this business as Carpet Cleaning Technicians.  Defendants and their employees conduct business throughout the District of Columbia metropolitan region, that is, Washington, D.C., Southern Maryland, and Northern Virginia.

19.    The job duties of Carpet Cleaning Technician are to clean carpet in both residential and commercial settings, to clean upholstery and furniture in both residential and commercial settings, and to provide construction clean up services.

20.    The employees in the Carpet Cleaning Technician position are full time, non-exempt employees of Defendants and are paid at an hourly rate.  Plaintiff Gardner was a Carpet Cleaning Technicians, was a full time, non-exempt employee of Defendants, and was paid an hourly rate.

21.    Plaintiff Gardner and the other members of the collective and class action classes regularly worked more than 40 hours per week.

22.    Defendants require individuals employed as Carpet Cleaning Technicians to perform work for which they are not compensated. In particular, Defendants dock Plaintiff and all other Carpet Cleaning Technicians for lunches that are not taken by the employees. Even when Plaintiff and the class members take an hour lunch, the Defendants will often dock them two or more hours for said lunch even though the employees' lunch breaks last substantially less time. In either case, Defendants are not paying Plaintiff and the other class members for all of the time in which they worked for Defendants.

23.    Furthermore, when Defendants do compensate Plaintiff and the class member for their time, Defendants always pay Plaintiff and the class members at their regular hourly rates. This was true even when Plaintiff and the class members worked more than 40 hours in a given week. Thus, Defendants failed to pay Plaintiff and the class at one-and-one-half times their regular hourly rates for all hours worked in excess of 40 hours per week as required by law.

24.    These employment practices and compensation policies constitute willful, knowing, and intentional violations of the FLSA and the District of Columbia Wage and Hour Law.

### COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiff Gardner and the class members incorporate by reference all allegations raised in the prior paragraphs.

26.    The collective action that Plaintiff proposes encompasses all individuals who work or worked as hourly-paid Carpet Cleaning Technicians, or in hourly-paid jobs having similar job responsibilities regardless of title, that worked for Defendants between March 14, 2003, and the final disposition of this action.

27.    The persons who elect to join the proposed Collection Action Class will be represented by Plaintiff Gardner.

28.     During the Collective Action Class Period, the duties and responsibilities of the jobs held by members of the proposed collective action were the same as or substantially similar to the duties and responsibilities of the jobs held by Plaintiff.

29.     Plaintiff Gardner and the members of the proposed Collective Action Class are or were subject to the same unlawful compensation policies and practices set forth in paragraphs twenty-one, twenty-two, and twenty-three.

30.     Accordingly, Plaintiff and all the members of the proposed Collective Action Class are "similarly situated" within the meaning prescribed by 29 U.S.C. § 216(b).

31.     The names and addresses of the potential members of the Collective Action Class are available from Defendants, and notice should be provided to the Collective Action Class via first class mail to the last address known to Defendants as soon as possible.

### CLASS ACTION ALLEGATIONS

32.     Plaintiff Gardner and the class members incorporate by reference all allegations raised in the prior paragraphs.

33.     In addition to qualifying as a collective action maintained pursuant to the FLSA, this action is brought as a class action under Rule 23 under the wage and hours laws of the District of Columbia. *See also* D.C. CODE § 32-1012(b).

34.     Plaintiff Gardner proposes to maintain a class that encompasses all individuals who work or worked as hourly-paid Carpet Cleaning Technicians, or in hourly-paid jobs having similar job duties and responsibilities regardless of the job title that were employed by Defendants at any time between March 14, 2003 and the final disposition of this action. Upon information and belief, the Class Action Class is so numerous that joinder of all members of the class is impractical.

35.    Questions of law and fact common to the Class Action Class as a whole include, but are not limited, to the following:

  a.  Whether Defendants' policy of failing to pay employees for all hours worked violates the District of Columbia Wage and Hour Law;

  b.  Whether Defendants' policy of paying employees their regular hourly rates for all hours worked, even those in excess to forty hours in a week, violates the District of Columbia Wage and Hour Law; and

  c.  Whether Defendants credited Gardner, and the Class Action Class with the wages which they are entitled to be paid as required by the District of Columbia Wage and Hour Law.

36.    During the Class Action Period, the duties and responsibilities of the jobs held by the members of the proposed class were the same or substantially similar to the duties and responsibilities of the jobs held by Plaintiff Gardner.

37.    Furthermore, Plaintiff Gardner and the members of the Class Action Class are and were subject to Defendants' policies and/or practices of failing to pay employees for all hours worked and failing to pay employees overtime. Plaintiff Gardner's claims are therefore typical of those of the Class Action Class and Plaintiff Gardner can and will fairly and adequately represent and protect the interests of the Class Action Class.

38.    Plaintiff Gardner has obtained counsel competent and experienced in class actions and, in particular, wage and hour cases.

39.    Class certification as to the claims of the Class Action Class is appropriate pursuant to Federal Rule of Civil Procedure 23 because adjudications with respect to the individual members of the Class Action Class would, as a practical matter, be dispositive of the

interests of the other members and/or pursuant to Federal Rule of Civil Procedure 23(b)(2)

because Defendants acted or refused to act on grounds generally applicable to the Class Action

Class, making appropriate relief with respect to Plaintiff Gardner and the Class Action Class as a

whole and/or pursuant to Federal Rule of Civil Procedure 23(b)(3) because the common issues of

fact and/or law would predominate over any individual issues. Plaintiff Gardner intends to send

notice to all members of the Class Action Class to the extent required by Rule 23 and District of

Columbia Code section 32-1012(b). Plaintiff Gardner may bear the initial cost of such notice but

will seek reimbursement of this cost from Defendants. Plaintiff Gardner will receive any

response to such notice.

### CAUSES OF ACTION

40.     Plaintiff Gardner and the class members incorporate by reference all allegations

raised in the prior paragraphs.

41.     Defendants' failure to pay Plaintiff and the Collective Action Class members

overtime wages at one-and-one-half times their regular rate of pay is in violation of the FLSA.

29 U.S.C. § 207. Accordingly, Plaintiff and the Collective Action Class members are entitled to

their unpaid overtime in an amount equal to one-half times their regular rates of pay for each

hour over forty hours per week.

42.     Defendants' failure to pay Plaintiff and the Collective Action Class members for

all the time they worked is in violation of the FLSA. 29 U.S.C. § 206(a)(1). Accordingly,

Plaintiff and the Collective Action Class members are entitled to their unpaid time in an amount

equal to their regular rates of pay for all hours worked that do not exceed forty hours per week

and an amount equal to one-and-one-half times their regular rates of pay for all time worked over

forty hours in a work week.

9

43.    Additionally, Plaintiff and the Collective Action Class members are entitled to an equal amount to all their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by the FLSA. 29 U.S.C. § 216(b).

44.    Defendants' failure to pay Plaintiff Gardner and the class members overtime wages at one-and-one-half times their regular rates of pay was in violation of the laws of the District of Columbia. D.C. CODE § 32-1003(c). Accordingly, Plaintiff Gardner and the class members are entitled to their unpaid overtime in an amount equal to one-half times their regular rates of pay for each hour over forty hours per week. *Id.* § 32-1012(a).

45.    Defendants' failure to pay Plaintiff Gardner and the class members for all the time worked was in violation of the laws of the District of Columbia. *Id.* § 32-1003(d). Accordingly, Plaintiff Gardner and the class members are entitled to their unpaid time in an amount equal to their regular rates of pay for all hours worked that do not exceed forty hours per week and an amount equal to one-and-one-half times their regular rates of pay for all time worked over forty hours in a work week. *Id.* § 32-1012(a).

46.    Additionally, Plaintiff Gardner and the class members are entitled to an equal amount to all their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by the laws of the District of Columbia. *Id.* § 32-1012(a), (c).

CLAIMS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.    determine the damages sustained by Plaintiff and the members of the Collective Action Class during the Collective Action Class Period as a result of Defendants' willful and intentional violations of 29 U.S.C §§ 206 and 207, and award such back pay against Defendants in favor of Plaintiff and all the members of the Collective Action Class, plus an additional equal

amount as liquated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law;

b.    determine the earnings lost by Plaintiff and the members of the Class Action Class during the Class Action Class Period as a result of Defendants' willful and intentional violations of District of Columbia Wage and Hour Law, and award all appropriate damages and all statutory damages and penalties resultant therefrom to Plaintiff and the members of the Class Action Class, including an additional equal amount as liquated damages pursuant to District of Columbia Code section 32-1012(a);

c.    award Plaintiff and the members of the both the Collective Action Class and the Class Action Class their attorneys' fees and costs and disbursements of this suit, including, without limitation, reasonable accountants', investigators', and experts' fees; and

d.    grant Plaintiff and the members of both the Collective Action Class and the Class Action Class such other and further relief, including, without limitations, injunctive relief were appropriate, as the Court may deem just and proper or that is allowed under any federal law or law of the District of Columbia violated by Defendants' conduct described herein.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,

Steven Luxton
D.C. Federal Bar No. 470468
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

ATTORNEYS FOR PLAINTIFF, THE MEMBERS OF THE COLLECTIVE ACTION CLASS AND THE MEMBERS OF THE CLASS ACTION CLASS

OF COUNSEL:

Brady Edwards
Sandra Thourot Krider
Patrick K.A. Elkins
EDWARDS BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, Texas 77002
713.339.3233
713.339.2233 (facsimile)

Richard J. Burch
BRUCKNER BURCH PLLC
5847 San Felipe, Suite 3900
Houston, Texas 77057
713.877.8788
713.877.8065 (facsimile)

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current/former employer, **WITHOUT EQUAL BUILDING SERVICES**. I have been provided with a copy of the Professional Services Agreement with Edwards, Burns & Krider, L.L.P. and agree to be bound by its terms.

_Roderick E Gardner_                          1-30-06
Signature                                     Date

_Roderick E Gardner_
Printed Name

**EXHIBIT**

A

06  0507

**FILED**

MAR 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 CV 00507
LABOR/ERISA

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE *Monday, 4/10/06 AT 11:20 A.M.* |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* James D. Binsted | TITLE *Private Process Server* |
|---|---|

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: *8840 Brookville Rd. Silver Spring Md. 20910 on Frederick L. Wenzel, Sr.*

G Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G Returned unexecuted: _____

G Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL —0— | SERVICES # 75⁰⁰ | TOTAL # 75⁰⁰ |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on *4/10/06*
Date

Signature of Server

J. BINSTED ASSOC.
1123 GRANDIN AVE.
ROCKVILLE, MD 20851-1337
(301) 251-1160

Address of Server

Attachments: *also served*
*① Initial Electronic Case Filing Order & Registration Form.*
*② Consent to Proceed before a U.S. Magistrate Judge for all purposes.*
*③ Original Collection Actions & Class Action Complaint with Jury Demand and Plaintiff's Certificate of Interested Persons.*
*④ Blank Civil Cover Sheet (2 pages) for Defendant*
*⑤ Plaintiff's Civil Cover Sheet (filled out).*

*J Binsted*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

```
EXHIBIT
2
```

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

RODERICK GARDNER, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

**SUMMONS IN A CIVIL CASE**

V.

WITHOUT EQUAL BUILDING SERVICES:
FREDERICK L. WENZEL, SR.

CASE NUMBER   1:06CV00507

C/    JUDGE: James Robertson

DECK TYPE: Labor/ERISA (non-employme.

DATE STAMP: 03/17/2006

TO: (Name and address of Defendant)

FREDERICK L. WENZEL, SR.,
8840 Brookville Road
Silver Spring, Maryland 20910

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Steven A. Luxton
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON                    MAR 1 7 2006

CLERK                                          DATE

_Clarinin Higgins_

(By) DEPUTY CLERK



# WITH(EQUAL)UT
## BUILDING SERVICES

8840 Brookville Road
Silver Spring, Maryland  20910

April 27, 2006

Mr. Steven A. Luxton
EDWARDS, BURNS & KRIDER, LLP
201 N. Charles Street, Suite 1402    Re: Case # 1:06CV00507
Baltimore, MD  21201                 Roderick vs. WITHOUT EQUAL

Dear Mr. Luxton:

I've spoken with Mr. Patrick Elkins in your Houston office regarding a
twenty day extension in the above case in order to obtain counsel. He
has agreed and requested that I fax this note to you for your signature
and immediate fax return. I will have a response by May 22, 2006.

Thank you for your assistance.

Sincerely,

*Frederick L. Wenzl Sr.*

Frederick L. Wenzl, Sr.
President

FLW/rh

Response extension to 05/26/06 agreed to this date 04/27/06 by:

_____        _____4/27/06_____
Authorized Signature                   Date

ADMINISTRATIVE OFFICES              24 HOUR EMERGENCY NUMBER
301-608-3100                        202-259-3114
FAX NUMBER                          TOLL FREE #
301-608-3104                        1-800-546-4661

EXHIBIT
3



## WITH**EQUAL**OUT
### BUILDING SERVICES

May 22, 2006

8840 Brookville Road
Silver Spring, Maryland 20910

Mr. Steven A. Luxton
EDWARDS, BURNS & KRIDER, LLP
201 N. Charles Street, Suite 1402
Baltimore, MD 21201

Dear Mr. Luxton:

I was surprised and very hurt emotionally when the class action papers were served. Not to be melodramatic, but no one has been more considerate towards their fellow man than I. Our employees, without exception, are treated with respect, consideration and fairness. As an example, here is what a new applicant can expect:

1.   When an applicant arrives for the initial meeting, he receives a folder with all of our pertinent data and a twenty-dollar bill as a "thank you" from us for his time.

2.   When he is hired, here are the benefits:

   a.   Fourteen days of paid holiday or vacation pay at $125.00 per day. There are twenty-four pay periods in one year and this vacation pay is paid at the rate of $75.00 per pay beginning with the first paycheck ($1,800.00 per year).

   b.   E.E.O.C. suggests that the hourly rate of pay for carpet cleaners is $9.90 per hour. Since we are offering a career opportunity to the breadwinner, $9.90 per hour is unrealistic.

So, what I have done to be fair to everyone is increase the starting amount to $15.00 per hour with the understanding that should there be the need for overtime he would be paid at the $15.00 per hour rate – overtime in advance, so to speak.

ADMINISTRATIVE OFFICES

**301-608-3100**

FAX NUMBER

**301-608-3104**

24 HOUR EMERGENCY NUMBER

**202-259-3114**

TOLL FREE #

**1-800-546-4661**



EXHIBIT

4

Page 2

(Proposal – continued)

Here I need to explain a few things about the carpet cleaner's job description namely,

a.  If he is on the clock for 8 hours, only approximately 50 to 60% of that time is to be spent on actual productive work. The balance of the time is to be spent getting ready for the productive time and helping around the office performing needed cleaning chores or preparing the equipment for that evening's job. In actuality, some technicians waste a good portion of that "off production" time by discussing personal events etc., getting something to eat or just lounging around. There is no exact way to attempt to pay an employee for only productive time. So, to be as fair as possible I deduct ½ hour from the first 8 hours of "on the clock" time and up to 1 hour for 9 to 12 hours with a maximum of 1 and ½ hours. I've never deducted 2 hours from anyone at anytime. Gardner, for example, arrived at the office - punched in (on the time clock) and then leisurely changed his clothes – got something to eat, and solved all the problems of the world. He did just about any thing other than help around the office or arrive ready to work. He is the perfect example of someone who wants the most – contributes the least – complains about everything and spreads negative comments among the crew. He was usually not available to help perform after hours flood correction work (an essential part of a technician's job) – needed time off usually once or twice per month on weekends for whatever reason. He was generally unreliable with an uncooperative attitude. He started work here in November, 2004 and yet one month later received a small Christmas bonus to make him feel as if he was part of the team. When he married (2005) I gave him a $250.00 wedding gift and last Christmas he received a $500.00 bonus. His hourly pay, when he was dismissed, was $17.00 per hour.

Page 3

(Proposal – continued)


So, in summary – his benefits were as follows:

a.    $17.00 per hour straight pay with the understanding that if he worked longer hours he was already receiving overtime in advance.

b.    Christmas and wedding bonus.

c.    Other bonuses if and when the team production warranted it.

d.    $1,800.00 per year in holiday and/or vacation pay.


In the cleaning business $17.00 per hour is unheard of compensation. We pay it to support the career concept to the family's breadwinner and ask only a cooperative and willing attitude towards our other employees and our customers.

Mr. Gardner had the talent to excel unfortunately his attitude didn't match his talent.

Sincerely,

Frederick L. Wenzl, Sr.
President


FLW/rh



## WITH☉UT
### BUILDING SERVICES

**Member of:**

*Better Business Bureau*

8840 Brookville Road
Silver Spring, Maryland 20910

**Member of:**

*US Chamber of Commerce*

## CLIENT REFERENCES

**E.E.O.C**
1801 L Street, NW
Washington, DC
Ms. Teresa Riddick
202-663-4600

**Computer Sciences Corp.**
7700 Hubble Drive
Lanham, MD
Mr. Jerry Gerber
301-572-3550

**Bredhoff & Kaiser**
805 15th Street, NW
Washington, DC
Ms. Stephanie Baker
202-842-2600

**Paxton Van Lines**
5300 Port Royal Road
Springfield, VA
Mr. Terry Dailey
703-321-7600

**Hagner Management**
1. 14150 Newbrook Drive
2. 14151 Newbrook Drive
3. 15155 Newbrook Drive
4. 15170 Newbrook Drive
5. 4031 University Drive
   Mr. Tim Corsin
   202-857-4368

**Blake Real Estate**
1150 Conn. Ave., NW
Washington, DC
Mr. Ken Larsen
202-778-0400
1. 1025 Conn. Ave., NW
2. 1425 K Street, NW
3. 1150 Conn. Ave., NW
4. 1120 Conn. Ave., NW
5. 1100 L Street, NW
6. 1800 G Street, NW
7. 1111 18th Street, NW
8. 2100 K Street, NW
9. World Bank

**Logistics Management**
2000 Corporate Ridge
McLean, VA
Mr. Greg Fisak
703-917-7345

**Transwestern**
**Commercial Services**
1. 1401 K Street, NW
   Washington, DC
   Mr. Brad Braun
   202-466-0823
2. 1120 19th Street, NW
   Washington, DC
   Mr. Mike Mahesh
   202-887-8444

**Chadbourne & Parke**
1200 New Hampshire Ave.
Washington, DC
Ms. Florence Newland
202-974-5687

**The Segal Company**
1920 N Street, NW
Washington, DC
Ms. Sonia Richardson
202-833-6403

**Dykema Gossett**
1300 Eye Street, NW
Washington, DC
Ms. Catherine Schabacker
202-906-8710

**Cambridge Mgmt. Co.**
1146 19th Street, NW
Washington, DC
Mr. Richard Henneberry
202-223-0549 Ext. 408

**Cushman & Wakefield**
1. 1717 K Street, NW
   Washington, DC
   Mr. Chris Peevy
   202-785-3262
2. 1000 Thos. Jeff., St.
   Washington, DC
   Ms. Kathryn Smolka
   202-333-7830

## www.withoutequalbuildingservices.com

ADMINISTRATIVE OFFICES
301-608-3100

FAX NUMBER
301-608-3104

**FLOOD CORRECTION**

24/7 EMERGENCY RESPONSE

**FURNITURE CLEANING**

Fabric  - Metal

Leather  - Wood

**MODULAR FURNITURE**

- WORKSTATIONS

Fabric Panel Cleaning

**PROFESSIONAL CARPET CLEANING SERVICES**

Monthly Contracts or Onetime Service

**CARPET REPAIR**

Seam Mending

Wrinkle Correction

**VENETIAN BLINDS**

Ultra-Sonic Cleaning

**HARD SURFACE FLOOR CLEANING**

Tile

Wood

**POST CONSTRUCTION CLEANUP**

Pressure Washing

MD - 301-608-3100
DC - 202-347-2535
VA - 703-321-2800

WITH(EQUAL)OUT
BUILDING SERVICES

www.withoutequalbuildingservices.com

Department of Defense Manpower Data Center                    JUL-12-2006 06:50:32



Military Status Report
Pursuant to the Servicemembers Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Service/Agency |
|-----------|--------------|------------|--------------------|----------------|
| WENZL | Frederick L | Based on the information you have furnished, the DMDC does not possess any information indicating that the individual is currently on active duty. | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Military. **HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.**

Robert J. Brandewie, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The Department of Defense strongly supports the enforcement of the Servicemembers Civil Relief Act [50 USCS Appx. §§ 501 et seq] (SCRA) (formerly the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's active duty status by contacting that person's Military Service via the "defenselink.mil" URL provided below. If you have evidence the person is on active-duty and you fail to obtain this additional Military Service verification, provisions of the SCRA may be invoked against you.

If you obtain further information about the person ( e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects current active duty status only. For historical information, please contact the Military Service SCRA points-of-contact.

**EXHIBIT**
**5**

See: http://www.defenselink.mil/faq/pis/PC09SLDR.html

*Report ID:* ***LLLTXVTYCK***