UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RODERICK GARDNER** | § § § § § § § § § § § § § | |
| INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | | Civil Action No. 06-CV-0507-JR |
| *Plaintiff*, | | |
| v. | | **JURY TRIAL DEMANDED** |
| **WITHOUT EQUAL BUILDING SERVICES & FREDERICK L. WENZL, SR.,** | | |
| *Defendants*. | | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS

Plaintiff Roderick Gardner ("Plaintiff") files this Motion for Default Judgment against Defendants Without Equal Building Services and Frederick L. Wenzl, Sr. ("Defendants") and would show the Court as follows:

### I.
### OVERVIEW

Defendants did not pay Plaintiff for the overtime hours that he worked. The FLSA requires payment of overtime compensation to all nonexempt employees when he worked in excess of forty hours in one week. *See* 29 U.S.C. § 207(a); 29 C.F.R. § 778.101. Plaintiff was a full-time, nonexempt hourly employee of Defendants. He regularly worked over forty hours per week, and was not properly compensated for this work.

As a nonexempt employee, Plaintiff was entitled to wages at one-and-one-half times his regular hourly rate for all hours worked in excess of forty in a given workweek. 29 U.S.C. § 207(a). He was also entitled to be paid for all the time that he

worked. 29 U.S.C. § 206(a)(1). Defendants, however, failed to pay Plaintiff for all hours worked in excess of forty hours at one-and-one-half times his regular rate. Defendants denied Plaintiff his proper wages by failing to pay him for hours worked in excess of forty hours per week. Defendants failed to meet the requirements of the FLSA.

In connection with the FLSA violations, Plaintiff filed this lawsuit against Defendants on March 17, 2006. *See* Affidavit of Patrick K.A. Elkins ¶ 4, attached as Exhibit A. The Clerk of the Court entered a default against Defendant Frederick L. Wenzl, Sr. on July 13, 2006 and entered a default against Defendant Without Equal Building Services on July 17, 2006. *See* Clerk's Entry of Default as to Frederick L. Wenzl, Sr., a copy of which is attached as Exhibit B; Clerk's Entry of Default as to Without Equal Building Services, a copy of which is attached as Exhibit C. Plaintiff now requests that the Court enter a default judgment against Defendants.

## II.
## ARGUMENT

Defendants have been properly served, the date for Defendants' answer has passed, and Defendants have not answered. As such, the Clerk of the Court has entered a default against Defendants. *See* Exhibit B & Exhibit C. Plaintiff therefore respectfully requests that pursuant to Federal Rule of Civil Procedure 55(b) that the Court enter a default judgment against Defendants.

The FLSA requires hours worked in excess to forty hours per week to be compensated at one and one half times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a); 29 C.F.R. § 778.101. The regular rate of pay is "the hourly rate actually paid [to] the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. § 778.108.

Plaintiff was paid the same regular rate of pay for all hours that he worked, including those worked in excess to 40 hours in a week. *See* Affidavit of Roderick Gardner ¶ 3, attached as Exhibit D. Plaintiff's regular rate of pay was $15 per hour. *Id.* ¶ 3. Plaintiff was also not paid for the full number of hours that he worked. *Id.* ¶ 4. For example, if Plaintiff worked thirteen hours in a day, Defendants might only pay Plaintiff for eleven hours. *Id.* Based upon the payroll records currently available to him, Plaintiff's unpaid wages during his employment amount to $5,160.38. *Id.* ¶ 5. Including liquidated damages,[1] Plaintiff's damages total $10,320.76.

The award of attorneys' fees in FLSA cases is mandatory. 29 U.S.C. § 216(b) ("The court in [a FLSA] action ***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)); *Graham v. Henegar*, 640 F.2d 732, 736 n.8 (5th Cir. Unit A Mar. 1981) ("[T]his Circuit has held that an award of attorney's fees to a prevailing plaintiff in an FLSA suit is mandatory."); *Wright v. Carrigg*, 275 F.2d 448, 449 (4th Cir. 1960) (describing the award of attorneys' fees in an FLSA case as "mandatory and unconditional"). Plaintiff has incurred $5673.90 in reasonable attorneys' fees. *See* Affidavit of Patrick Elkins ¶ 6.

---

1. Under the FLSA, Plaintiff is entitled to liquated, or double, damages. 29 U.S.C. § 216(b). Liquidated damages are the norm in FLSA causes of action. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) ("Double damages are the norm, single damages the exception, the burden on the employer."). Plaintiff is entitled to liquidated damages unless Defendants show they acted in good faith. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 n.22 (1985); *Thomas v. Howard Univ. Hosp.*, 39 F.3d 370, 372 (D.C. Cir. 1994) ("[C]ourts [have] discretion to disallow liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the Fair Labor Standards Act.'" (quoting 29 U.S.C. § 260) (third and fourth alterations in original)).

IV.
## CONCLUSION

For the foregoing reasons, Plaintiffs respectively request that the Court enter default judgment against Defendants Without Equal Building Services and Frederick Wenzl, Sr. in the amount of $15,994.66 (including $5673.90 in attorney's fees) plus costs and postjudgment interest.

Respectfully submitted,

*Patrick Elkins for*

Steve A. Luxton
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21401-2500
410.454.0012
410.454.0146 (facsimile)

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

Sandra Thourot Krider
Patrick K.A. Elkins
EDWARDS BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, Texas 77002
713.339.3233
713.339.2233 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21, 2006 a true and correct copy of the foregoing *Motion for Default Judgment* was served by certified mail, return receipt requested on the following:

Frederick L. Wenzl, Sr.
Without Equal Building Services
8840 Brookville Road
Silver Spring, Maryland 20910

*Patrick Elkins*
Patrick K.A. Elkins

4